## STATE v. BUTCHER.

Offenses created by statute, as well as others, must be accurately and clearly described in the complaint or information, and no complaint or information is sufficient which does not accurately and clearly allege all the ingredients of which the offense is composed. It is not sufficient to charge the accused generally with having committed the offense, but all the allegations constituting the offense must be specially set forth. An information which does not do this is faulty, defective, and insufficient, and should be quashed on demurrer.

(Syllabus by the court. Argued Oct. 10, 1890. Opinion filed Dec. 18, 1890.)

Error to Stanley county court. Hon. GEORGE P. WALDRON, Judge.

The facts so far as material are fully stated in the opinion.
*Horner* and *Stewart*, for plaintiff in error.

*Robert Dollard, Attorney General*, and *D. C. Brackney, State's Attorney, of Stanley County*, for defendant in error.

BENNETT, J.   On the 5th day of July, 1890, the state's attorney of Stanley county filed an information against the plaintiff in error, in the county court of that county.   On the 18th day of July, 1890, the cause came on to be heard.   The plaintiff in error filed a demurrer to the information, which was overruled by the court.   A jury was impaneled against the several objections made by plaintiff in error, which objections were overruled by the court; a trial had; a verdict of guilty rendered; a motion for a new trial made and overruled; a motion in arrest of judgment made and overruled; and, on the 4th day of August, judgment of fine and imprisonment was pronounced, and a writ of error from this court was in due time sued out. The plaintiff in error makes a large number of assignments of error, but, for the purposes of this appeal, it is only necessary to notice the second, viz., that the court erred in overruling the demurrer to the information or complaint, on the ground that the facts stated in the information do not constitute a public offense. The information filed is as follows: "State of South Dakota, county of Stanley—ss.:   The State of South Dakota v.   C.   M. Butcher.   In the county court.   July term, 1890.   To the Hon. G. P. WALDRON, county judge, in and for Stanley county, State of South Dakota:   It appearing to me, from testimony introduced and obtained from one Richard Lewis, at an examination held before me at my office in the city of Fort Pierre, on the third day of July, A. D. 1890, that intoxicating liquors have been, and now are, kept for unlawful sale or purpose at said C. M. Butcher's place place of business on Main street, in in the city of Fort Pierre, and in said county and state; and that the said C. M. Butcher has this day, and at various other times prior hereto, sold, bartered, and given away intoxicating liquor to the said Richard Lewis and other persons, by the drink and otherwise, to be drank as a beverage on his premises and under his control, at his said place of business, on Main street,

in the said city of Fort Pierre, of Stanley county, and state of South Dakota, contrary to the form of the statutes, in such cases, made and provided, and against the peace and dignity of the state of South Dakota; and that the defendant has in his possession intoxicating liquors, kept in a conspicuous place, to-wit; under and behind the prescription case, and elsewhere, in his place of business. Now, therefore, in accordance with the laws of this state herein made and provided, I herein and hereby enter complaint against the said C. M. Butcher, defendant, and certify that, to the best of my information and belief, from said testimony obtained on examination, said laws governing the sale of intoxicating liquors have been and now are being violated." Which complaint was signed and sworn to by the state's attorney of that county.

Section 9 of Chapter 101, Sess. Laws 1890, provides that, "if the state's attorney of any county shall be notified by any officer or other person, or be cognizant himself, of any violation of any of the provisions of this act, it shall be his duty forthwith to diligently inquire into the facts of such violation, and for such purpose he is hereby authorized and required to issue his subpœna for such person or persons as he may have reason to believe have any information or knowledge of such violation to appear before him at a time and place designated in such subpœna, then and there to testify concerning any violation of this act. Said subpœna shall be directed to the sheriff or any constable in the county, and shall be served and returned to such state's attorney in the same manner as subpœnas are served and returned in criminal cases. Each witness shall be sworn by the state's attorney to testify to the truth, the whole truth, and true answers make to all questions which may be propounded to him by such state's attorney touching any violation of the provisions of this act. The testimony of every such witness shall be reduced to writing, and signed by such witness, as in the taking of depositions in civil cases. * * * If the testimony so taken shall disclose the fact that an offense has been committed against any of the provisions of this act, the state's attorney shall forthwith file such

statement, together with his complaint or information against the person having committed the offense, in some court of competent jurisdiction, and such statement or testimony, together with the information or complaint of such state's attorney, when verified by him on information and belief, shall have the same effect as if such information or complaint had been verified positively." This is the section of the law under which this alleged information or complaint was filed in the county court of Stanley county against the plaintiff in error. The duties of the state's attorney are fully defined and prescribed by it. Whenever he is notified that there has been a violation of the law in relation to the keeping, selling, bartering, or giving away of intoxicating liquors, he is to diligently inquire into the facts of such violation, and, if he is not satisfied of his own knowledge that the law has been violated, he has the power, and it is his duty, to make a thorough investigation of the matter, by bringing witnesses before him to give their testimony in the case. These witnesses are to be examined under oath. The oath administered by the state's attorney has the same binding effect as if administered by a court of justice, and to this extent he is clothed with judicial power. If, after the examination of such witnesses, the fact appears that an offense has been committed against any of the provisions of Chapter 101, Sess. Laws 1890, and the person is known who appears to have committed it, the state's attorney shall file, in some court of competent jurisdiction, a statement of this fact, over his own official signature, based upon the written testimony of witnesses taken on the examination, which testimony shall be attached to or accompany the official statement of the state's attorney. At the same time the state's attorney must file, in due form of law, a complaint or information under oath, setting forth the offense charged, with such particulars of time, place, person, and property as to enable the defendant to understand distinctly the character of the offense complained of, so he can intelligently answer or defend the same; also that the court and jury may know what they are to try and acquit the defendant of, or punish him for, and that the record of the court may

show, as far as it may, for what he has been put in jeopardy.

When an information or complaint is filed, based upon facts disclosed upon the examination of witnesses, it may be verified by the state's attorney, upon "information and belief." It is the information or complaint so filed that constitutes the basis of the proceeding and trial, in the court of competent jurisdiction, of the defendant, and not the statement of the state's attorney, or the testimony of the witnesses taken at the examination by that officer. Upon an examination of the document purporting to be a complaint or information filed in this case, it will be found to consist of two distinct paragraphs. The first paragraph is a statement of what appears, to the mind of the state's attorney, are the facts as disclosed by the testimony of Richard Lewis on his examination had on the 3d of July. It is but a narative of what Lewis swore to before the state's attorney, at that time. This, if accompanied by the testimony of Lewis, would have been a proper paper to have filed in the county court, and might have been sufficient upon which to base a formal complaint against C. M. Butcher, to be verified by the state's attorney upon "information and belief;" but as an allegation of facts constituting an offense it is defective and insufficient. The second paragraph, no doubt, was intended to be the charging portion of this complaint. If so, it is lacking in all the essentials of a legal complaint or information. There is no particularity of time, or place, or of the offense charged. It is the same as though the state's attorney had gone to the county judge and said to him, "I complain of C. M. Butcher," and then stopped. He does not say what Butcher has done, or, if he did anything, when he did it, or where the act was committed. He certifies that, to the best of his information and belief, from the testimony of Richard Lewis, the laws governing the sale of intoxicating liquors have been, and now are being, violated; but he does not say by whom violated, or when violated. Nothing is alleged in either of the paragraphs of this complaint, admitting every averment in each one of them, or as taken together, to be true, upon which a court could pass a judgment. Offenses created by statute, as well as others,

must be accurately and clearly described in the complaint or information, and no complaint or information is sufficient which does not accurately and clearly allege all the ingredients of which the offense is composed. Every offense consists of certain acts done or omitted under certain circumstances, and in a complaint, information, or indictment, it is not sufficient to charge the accused generally with having committed the offense, but all the allegations constituting the offense must be specially set forth. The document upon which the defendant was arraigned and tried in the county court of Stanley county is faulty, defective and insufficient, and it was error not to have sustained the demurrer interposed. We come to this conclusion with great regret, for the facts disclosed in the abstract show a wanton violation of the law by the defendant; and had a proper complaint or information been filed, one which would have met the requirements of the law, no doubt a conviction would have been sustained. As it is, the judgment must be reversed, and the cause remanded, with directions that. if the defendant is in custody, he be discharged therefrom; if on bail, that his bail be exonerated; or if.money was deposited instead of bail, that it be refunded to him. All the judges concurring.